THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN AGOSTINI, *alias* YIYI, Defendant and Appellant.

No. 6560.—Argued March 5, 1937.—Decided March 5, 1937.

*J. Esteves Gómez* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ramón Agostini, *alias* Yiyi, was charged by the district attorney, on January 21, 1936, with the crime of carrying a prohibited weapon, committed as follows:

"The said defendant Ramón Agostini, *alias* Yiyi, on or about January 11,. 1936, in Añasco, which forms part of the Judicial District of Mayagüez, P. R., unlawfully, wilfully, and maliciously, and for the purposes of offense and defense, did carry on his person a dagger, which is a deadly weapon, with which bodily injury can be inflicted.''

On January 24, 1936, the defendant was arraigned and he pleaded not guilty. The case was set for trial on January 31, 1936. The trial was held, and evidence for the prosecution and for the defense was introduced. Based on such evidence, the court rendered judgment sentencing the defendant to six months in jail. On February 3, 1936, the defendant took an appeal, and bail was fixed at $500.

On February 12, 1937, that is, more than a year after the filing of the appeal, the clerk of the district court certified. and sent up to this Supreme Court the transcript which contains only the information, the arraignment, the judgment, the notice of appeal, and the order fixing the bail: four typewritten pages.

Said transcript was filed in this Supreme Court on February 13th last, and today, on the expiration of the twenty days granted by law to the appellant to file his brief, said appellant through his attorney has requested an extension of thirty days. The only ground which is set forth for requesting said extension is that "the manifold labors, both legislative and professional" have prevented the attorney for the appellant from preparing the document.

In view of the above-stated facts, we fail to see how the professional and legislative labors of the attorney, no matter how numerous they might be, could have prevented him from preparing his brief within the twenty days granted by law and counted from the date on which the transcript was filed in this Supreme Court.

The law does not grant the right of appeal for the purpose of delaying the execution of the judgment. Such right

is provided in order to guarantee to a defendant the correction of any errors that might have been committed in rendering judgment against him.

A cursory examination of the record suffices to conclude that there is involved a judgment which is *prima facie* just, and that the appeal was taken for the mere purpose of delaying the execution thereof. However, we shall give the defendant an opportunity to overcome that presumption. Accordingly, he is granted until March 15 of the present year to renew his motion for an extension and state therein the essential grounds on which he relies for requesting a reversal of the judgment. If such reason satisfies this court, it will exercise its discretionary power by granting the extension requested; otherwise it will be denied.